UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARTIN TREPEL,                          :
                                        :
                    Plaintiff,          :        04 Civ. 8310 (DLC)
                                        :
        -v-                             :        OPINION AND ORDER
                                        :
KAREN DIPPOLD, an individual, BELDOCK,  :
HOFFMAN AND LEVINE, a New York Co-      :
Partnership; and HODGSON RUSS, a New    :
York Co-Partnership,                    :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X

Appearances:


For Plaintiff:

Joshua Denbeaux
Denbeaux & Denbeaux
366 Kinderkamack Road
Westwood, New Jersey  07675


For Defendants Karen Dippold and
Beldock Levine & Hoffman, LLP:

Ronald C. Minkoff
Madhu R. Goel
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue, 9th Floor
New York, New York  10022


DENISE COTE, District Judge:

        At issue in this motion is whether to permit the defendants

to file a third party complaint in this diversity action.  The

plaintiff, Martin Trepel ("Trepel"), was the plaintiff in a prior

federal civil action (the "Underlying Action") for fraud in this

District against an African art dealer, Mourtala Diop ("Diop").

Trepel obtained a default judgment against Diop, but has seen only a fraction of the total judgment satisfied because Diop fled the District with most of his possessions and has not been located.  Trepel filed suit against Diop's counsel, Karen Dippold ("Dippold"), Dippold's law firm, Beldock Levine & Hoffman, LLP ("Beldock Firm"),[1] and Trepel's own law firm in the Diop litigation, Hodgson Russ LLP ("Hodgson Firm"), alleging among other things that Dippold frustrated a restraining order by intentionally facilitating Diop's removal of his valuable art possessions from the District and depriving Trepel of the opportunity to recover his damages.  Trepel subsequently voluntarily dismissed the Hodgson Firm in order to preserve complete diversity of citizenship.  Dippold and the Beldock Firm filed a motion to dismiss that was denied in an Opinion of May 9, 2005.  See Trepel v. Dippold, No. 04 Civ. 8310, 2005 WL 1107010, at *6 (S.D.N.Y. May 9, 2005).[2]  Dippold and the Beldock Firm timely filed their Answer on May 27, and on June 28, they improperly filed a proposed third party complaint without making a formal motion to do so.[3]  Dippold and the Beldock Firm filed this motion on July 12, and it was fully submitted on August 10.

Dippold and the Beldock Firm now move to file a third-party

_____

[1]  The law firm Beldock Levine & Hoffman, LLP is sued incorrectly in the caption to this case.

[2]  Familiarity with the Opinion of May 9 is assumed.

[3]  Dippold and the Beldock Firm note in their motion papers that they served this complaint on the Hodgson Firm, McCormack, and Palmiere on June 24.

complaint pursuant to Rule 14(a), Fed. R. Civ. P., against the

Hodgson Firm, as well as two of Trepel's attorneys in the

Underlying Action, Aidan McCormack ("McCormack") and P. David

Palmiere ("Palmiere"). The defendants allege that the Hodgson

Firm, McCormack, and Palmiere were negligent in protecting Trepel

against the risk that Diop would attempt to remove his assets

from the jurisdiction, and that this gives rise to a claim for

contribution to defendants Dippold and the Beldock Firm pursuant

to N.Y. C.P.L.R. § 1401.[4]

Rule 14(a) of the Federal Rules of Civil Procedure allows a

defending party to implead a party "who is or may be liable to

the third-party plaintiff for all or part of the plaintiff's

claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).

A defending party may file a third-party complaint without leave

of court within 10 days after serving the answer. Thereafter,

however, the third-party plaintiff must obtain leave of court to

implead another party. Id.

In order to assert a third-party claim under Rule 14(a), the

third party's liability must be in some way dependent on the

outcome of the main claim or the third party must be potentially

---

[4] Section 1401 states in relevant part: "two or more
persons who are subject to liability for damages for the same
personal injury, injury to property or wrongful death, may claim
contribution among them whether or not an action has been brought
or a judgment has been rendered against the person from whom
contribution is sought." N.Y. C.P.L.R. § 1401. This statute
"applies not only to joint tort-feasors, but also to concurrent,
successive, independent, alternative, and even intentional tort-
feasors." Bd. of Educ. v. Sargent, Webster, Crenshaw & Folley,
517 N.E.2d 1360, 1364 (N.Y. 1987).

secondarily liable as a contributor to the defendant.  Bank of
India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir.
2001); Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d
29, 31 (2d Cir. 1984) (per curiam); Wright, Miller & Kane,
Federal Practice and Procedure § 1446 (1990).  Because Rule 14
requires that the third-party defendant's liability "be
derivative of or secondary to that of the defendant in the main
action," EZ-TIXZ, Inc. v. Hit-Tix, Inc., No. 93 Civ. 3791, 1995
WL 77589, at *2 (S.D.N.Y. Feb. 27, 1995), impleader may be
utilized only when the third party complaint necessarily depends
upon the merits of the plaintiff's main claim against the
defendant.  Bank of India, 239 F.3d at 438.  See also Telecom
Int'l America, Ltd. v. AT & T Corp., No. 96 Civ. 1366, 1999 WL
777954, at *4 (S.D.N.Y. Sept. 30, 1999); United We Stand America,
Inc. v. United We Stand, America New York, No. 94 Civ. 4690, 1995
WL 646197, at *2 (S.D.N.Y. Nov. 2, 1995) (denying leave to file
third-party complaint where liability of proposed third-party
defendants did not depend on liability determination in original
action); Unilease Computer Corp. v. Major Computer Incorp., 126
F.R.D. 490, 493 (S.D.N.Y. 1989) (under Rule 14, a third-party
plaintiff's claim against a third party "should accrue only upon
a finding of defendant's liability to the plaintiff on the main
claim").

    "Relevant factors in determining whether to grant leave to
implead include: (i) whether the movant deliberately delayed or
was derelict in filing the motion; (ii) whether impleading would

                              4

unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004). "The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions." Id. (citation omitted). "The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion." Id.

Under Rule 14(a), Fed. R. Civ. P., the defendants had until June 13 to file a third-party complaint without having to obtain leave of the Court. Although Trepel argues that the defendants could have impleaded the proposed third-party defendants at various points during the pendency of this litigation, the defendants did not require leave of this Court to implead the third-party defendants until after June 13, and thus any "dereliction" or "deliberate delay" analysis must necessarily emphasize events occurring after that date.

Impleading the third-party defendants would not unduly delay or complicate the trial, or prejudice the third-party defendants. The parties acknowledge that they have yet to take a deposition in this action, and thus the third-party defendants will have the opportunity to participate fully in discovery without duplicating efforts. Although permitting impleader will require an extension

of the discovery schedule in order to accommodate the third-party

defendants' time to answer the third-party complaint, the impact

on the schedule is not significant and is outweighed by the

efficiency of permitting the defendants to bring their

contribution claims in the same action as opposed to a separate

action.  Likewise, although Trepel contends that the efficiency

benefits of permitting impleader are limited because he will be

unable to press any claims he has against the third-party

defendants for diversity reasons, and therefore, will have to

pursue those claims in a second action, this is an inefficiency

resulting from the plaintiff's own choice to sue in federal court

rather than in state court, which would have jurisdiction over

all relevant defendants.  "A plaintiff cannot complain if

ancillary jurisdiction does not encompass all of his possible

claims in a case such as this one, since it is he who has chosen

the federal rather than the state forum and must thus accept its

limitations.  The efficiency plaintiff seeks so avidly is

available without question in the state courts." Owen Equip. &

Erection Co. v. Kroger, 437 U.S. 365, 376 (1978) (citation

omitted).  It would be unfair to deny the defendants the

efficiency of pursuing their contribution claims in the same

action simply because Trepel selected a litigation strategy that

involves both a federal and a state action.[5]

---

[5]  For the same reason, Trepel's argument that he will be
prejudiced because the results of the third-party impleader could
have res judicata or collateral estoppel effects on any claim he
later brings against the third-party defendants is of little

Trepel's argument that the third-party defendants will be prejudiced because they will be silenced by the attorney-client privilege is misplaced, because the applicable disciplinary rule in New York permits a lawyer to reveal confidences necessary to defend himself even where the accusation of wrongdoing is made by someone other than the client. <u>See</u> N.Y. Disciplinary Rule 4-101(C)(4); <u>Meyerhofer v. Empire Fire & Marine Ins. Co.</u>, 497 F.2d 1190, 1194 (2d Cir. 1974). Similarly, Trepel's argument that permitting impleader would confuse the jury because it would not be able to understand why the plaintiff is not permitted to sue the third-party defendants is misplaced, as courts regularly invoke ancillary jurisdiction without concern that a jury will be unable to comprehend what it is being asked to decide.

Finally, Trepel concedes that the third-party complaint states a claim upon which relief can be granted with respect to third-party defendants the Hodgson Firm and McCormack. Trepel argues that the third-party complaint fails to state a claim against Palmiere, because Trepel did not, in fact, give instructions to Palmiere that could form the basis for a claim that Palmiere was negligent when he failed to follow instructions. A court may consider the merits of a proposed third-party claim in the context of Rule 14 "to the extent that the third-party complaint would foster an obviously unmeritorious

concern because even if this were true -- which it is unnecessary to decide here -- it would be a result of the plaintiff's own making, having decided to sue in federal instead of state court.

claim." <u>Too, Inc. v. Kohl's Dep't Stores, Inc.</u>, 213 F.R.D. 138, 142 (S.D.N.Y. 2003). As the defendants point out, the third-party complaint more broadly alleges that Palmiere was negligent in his advice and representation. Under these circumstances, it is appropriate to permit the defendants to file the third-party complaint.

## CONCLUSION

The defendants' motion for leave to file a third-party complaint is granted.

SO ORDERED:

Dated:    New York, New York
          September 12, 2005

DENISE COTE
United States District Judge