```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MARTIN TREPEL,                           :
                                         :
                 Plaintiff,              :   04 Civ. 8310 (DLC)
                                         :
       -v-                               :   MEMORANDUM OPINION
                                         :        AND ORDER
KAREN DIPPOLD, an individual, BELDOCK,   :
HOFFMAN AND LEVINE, a New York Co-       :
Partnership,                             :
                                         :
                 Defendants.             :
                                         :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:

Andrew Maloney, III
Brian Alexander
Kriendler & Kriendler LLP
100 Park Avenue
New York, New York 10017

For Defendants Karen Dippold and
Beldock Levine & Hoffman, LLP:

Ronald C. Minkoff
Madhu R. Goel
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue, 9th Floor
New York, New York  10022

For Third-Party Defendants Hodgson
Russ, LLP and Aiden McCormack:

Michael Brady
69 Delaware Avenue, Suite 1010
Buffalo, New York 14202


DENISE COTE, District Judge:

  Almost three weeks after the close of fact discovery,[1]

---

[1] Fact discovery closed on March 24, 2006.  Plaintiff's motion was filed on April 12.

plaintiff moved to amend his complaint for a second time[2] to add Myron Beldock ("Beldock") as a defendant in this civil action, which he filed in 2004 to obtain recovery from the attorneys who represented the plaintiff's adversary in prior litigation. The plaintiff seeks to recover for alleged misrepresentations and misconduct by counsel. Since plaintiff has been on notice of the role played by Beldock in the prior litigation since 2002, and of the critical evidence on which he now hinges the amendment since June 2005, and since the amendment would prejudice the defendants and Beldock by increasing the costs of this litigation unnecessarily and causing further delay in its resolution, the motion is denied.

The plaintiff had been in litigation with Mourtala Diop ("Diop"), who was represented in that litigation by Karen Dippold ("Dippold") of the law firm Beldock Levine & Hoffman, LLP ("Beldock Firm"). The plaintiff alleges that Dippold frustrated a restraining order issued against Diop by facilitating Diop's removal of his valuable art possessions from this district and depriving the plaintiff of the opportunity to collect on a judgment that was entered in his favor against Diop. The facts concerning this and the prior lawsuit are more fully described in an Opinion denying a motion to dismiss in this lawsuit, familiarity with which is assumed. See Trepel v. Dippold, 04 Civ. 8310 (DLC), 2005 WL 1107010 (S.D.N.Y. May 9, 2005).

---

[2] Plaintiff first amended the complaint on September 19, 2005.

During the underlying litigation with Diop in 2002, Beldock accompanied Dippold to court for every conference and hearing and assisted her in the representation of Diop. Beldock, who is a name partner in the Beldock Firm, is married to Dippold and was Diop's lead counsel in the parallel criminal proceeding against Diop in 2002. On occasion, Beldock addressed the court during the Diop civil proceedings, and it is one of those addresses from October 2002 which the plaintiff now contends included a misrepresentation. The plaintiff contends that critical evidence concerning the misrepresentation is contained in a tape recorded voice-mail message left by the Assistant District Attorney who was in charge of a prosecution of Diop in October 2002. The message was left on Dippold's telephone at the Beldock Firm, and a transcript of the message was produced by the Beldock Firm with its initial disclosures to the plaintiff in this lawsuit in June 2005. The tape recording of the message was produced to plaintiff's counsel in January 2006.[3]

The plaintiff does not adequately explain why he waited until after the close of fact discovery to move to add Beldock as a defendant. As the above summary recitation indicates, plaintiff has been aware that Beldock played an important role in this litigation since the time of the underlying litigation, and was advised of the contents of the tape recorded message in June

---

[3] The first tape recording produced to plaintiff's counsel on January 18, 2006 was defective and inaudible. A second, audible copy was produced on January 20, 2006.

2005.  His attorney's receipt of the tape recording in January of this year is essentially irrelevant in light of the fact that the transcript was produced earlier.  The only other significant fact to which plaintiff refers is his "discovery" during the depositions of Dippold and Beldock in February and March of 2006 that Beldock had drafted a letter of significance to the plaintiff's claims.  Since the letter bears Beldock's initials, "MB", in the place where one customarily looks to find the identity of the person who composed the letter, this confirming testimony could hardly be characterized as a revelation.

Leave to amend is of course to be freely granted, <u>see</u>, <u>e.g.</u>, Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Therefore, the amendment should be permitted unless the defendants are able to point to prejudice, undue delay, or other similar factors that the late addition of a defendant would cause.  <u>See</u>, <u>e.g.</u>, <u>Foman</u>, 371 U.S. at 182; <u>Anthony v. City of New York</u>, 339 F.3d 129, 138 n.5 (2d Cir. 2003).  For the reasons already described, the defendants have shown that the plaintiff unduly delayed this application to add Beldock as a defendant.  The defendants have also shown that an amendment will result in prejudice and trial delay.

Beldock has attended every deposition in this litigation, so it can be assumed that there will be little delay occasioned by his need to become familiar with the litigation.  Until this proposed amendment, however, the plaintiff had not pressed a claim that Beldock had made a misrepresentation to the court in

4

2002 in connection with the civil proceedings. Thus, if this amendment is approved, he will have to be given an opportunity to reopen discovery and develop evidence relevant to his defense. This may include additional deposition discovery of the plaintiff, plaintiff's counsel in the 2002 litigation, and the Assistant District Attorney who left the voice-mail message. This additional discovery will impose unnecessary financial burdens on each of the parties to the litigation and delay the trial.[4]

The defendants assert also that plaintiff acted in bad faith in delaying this application so that he could take Beldock's deposition before giving him notice of the plaintiff's intention to add him as a party. It is unnecessary to resolve this issue, and the Court assumes that plaintiff's counsel has acted in good faith.

Finally, the plaintiff asserts that this late amendment is justified because he has come to believe that Dippold's partners will not be vicariously liable for her misconduct and that she does not share title to all of Beldock's assets. These are factual and legal issues that should have been the subject of inquiry or reflection from the beginning of the case. They do

---

[4] While the plaintiff correctly points out that Beldock has not yet made any commitment as to what discovery he would actually undertake, Beldock is not yet a party to this litigation, and therefore, is not yet required to make such a decision. The defendants who are already parties to the litigation have identified lines of inquiry that Beldock may seek to pursue if he is added as a defendant, and their identifications appear reasonable.

5

not excuse the tardy application to add Beldock to the litigation.

## Conclusion

For the reasons stated herein, and after consideration of each of the arguments made by the parties, the plaintiff's application to file a second amended complaint is denied.

SO ORDERED:

Dated: New York, New York
       May 18, 2006

                                   _____
                                       DENISE COTE
                                   United States District Judge